Max Sugarman
vs.                  No. 88366.
Mary Cohen, App't.

November 3, 1932.

JOSLIN, J. Heard upon the motion of the defendant for a new trial after a verdict for the plaintiff in the sum of $385 in an action to recover for a funeral bill. The usual grounds are urged although no affidavits in support of the ground of newly discovered evidence have been filed.

The plaintiff is a funeral director and embalmer engaged in business in Providence for the past 24 years and is duly licensed by the State. On Saturday morning, November 1, 1930, he was called to the Homeopathic Hospital where the husband of the defendant had just died.

The plaintiff admittedly made all of the necessary arrangements for the funeral, furnished the casket and all supplies, performed the necessary services, conducted the funeral, and interred the body at Lincoln Park Cemetery. It was for the price of this funeral that this action was brought. There was no question raised at the trial regarding the reasonableness of the charges.

The plaintiff claims that the defendant called him on the telephone during the morning of November 1, 1930, and told him she wanted "Harry (her late husband) to have a nice funeral." That night the plaintiff brought the body to the defendant's home. The plaintiff testified that the arrangements for the funeral were made by the defendant; that he explained to her about a casket; that

she talked about the details; and that she told him to go ahead and give her late husband a nice funeral. The plaintiff claims he sent the bill to the defendant eight days later in accordance with his custom, and that he sent her statements from time to time. The original account on the plaintiff's records shows that it is billed to the defendant. The plaintiff filed no claim in the Probate Court against the estate of defendant's deceased husband.

The defendant contests the action, claiming that upon the decease of her husband the nurse called her late husband's brother, who was a cousin of the plaintiff; that he came to the hospital and directed that the plaintiff be called; that she had nothing to do with any of the funeral arrangements; that the first time she saw the plaintiff after her late husband's decease was at the cemetery, and that she never received a bill from the plaintiff. She specifically denies that she told the plaintiff she wanted her husband to have a good funeral.

There was thus presented to the jury a plain, clear cut issue as to whether or not the defendant had ordered the funeral. This they decided in favor of the plaintiff. The verdict was justified by the evidence and does substantial justice between the parties.

Motion for new trial is denied.

For plaintiff: Robinson & Robinson.

For defendant: Voigt, Wright & Munroe.